Date Signed:
April 3, 2025



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| In re:<br><br>JOY MICHIE PIGAO,<br><br>Debtor. | Case No. 24-00591<br>Chapter 13<br><br><br>Related Docket No.: 50 |
|---|---|

## ORDER OVERRULING OBJECTION TO CLAIM NO. 9

WBL SPO II, LLC ("WBL") filed Claim Number 9 on September 9, 2024. Ms. Pigao objected to the claim on January 24, 2025. A hearing was held on the objection on March 11, 2025. Ofir Raviv, Esq., appeared for Ms. Pigao and Karyn Doi, Esq., appeared for WBL. After hearing the parties' arguments, I took the matter under advisement.

In 2019, Puhi Industrial Parts & Bearing, LLC ("Puhi"), borrowed $65,000 from Axos Bank ("Axos"). Puhi executed a "Business Promissory

Note and Security Agreement" ("Agreement") in which Puhi promised to repay the loan with interest at 0.34602739726% per day. (Ms. Pigao asserts that this daily rate is equal to an annual percentage rate of more than 200%.) Ms. Pigao mortgaged her property to secure the loan. Axos later assigned its rights to WBL.

Ms. Pigao filed a chapter 13 bankruptcy petition on July 1, 2024. WBL filed a proof of claim asserting a secured claim in the amount of $272,437.18. Ms. Pigao objects to the claim, asserting that this loan is usurious under Hawaii law and unconscionable, and that the originating lender (Axos) and its assignee (WBL) were operating without proper licenses. I hold that Hawaii's usury law is not applicable, that the loan is not unconscionable, and that Axos and WBL did not violate any Hawaii licensing law.

Ms. Pigao's usury contentions rely entirely on Hawaii law. But because Axos is a federal savings bank,[1] it may charge any interest rate that

---

[1] I take judicial notice of this fact from the FDIC. FDIC, Axos Bank, https://banks.data.fdic.gov/bankfind-suite/bankfind/details/35546?activeStatus=0%20OR%201&bankfindLevelThreeView=Institution%20Details&branchOffices=true&name=Axos%20Bank&pageNumber=1&resultLimit=25 (last visited Apr. 3, 2025).

U.S. Bankruptcy Court - Hawaii   #24-00591   Dkt # 71   Filed  04/03/25   Page 2 of 5

is legal where Axos is "located." 12 U.S.C. § 85 ("Any association may . . . charge on any loan . . . interest at the rate allowed by the laws of the State . . . where the bank is located . . . .");[2] *see also Marquette Nat. Bank of Minneapolis v. First of Omaha Serv. Corp.*, 439 U.S. 299, 318 (1978) (holding that banks may "export" their home-state interest rates to other states). A bank is "located" in the state named in its organizational certificate, *id.* at 310, in the state of its main office, and (at least in some circumstances) where it has branch offices. Ballard Spahr Andrews & Ingersoll, OCC Interpretive Letter No. 822, 1998 WL 121663 (Feb. 17, 1998); *see also NationsBank of N. Carolina, N.A. v. Variable Annuity Life Ins. Co.*, 513 U.S. 251, 256 (1995) (stating that "great weight" should be given to the Comptroller of the Currency's construction of the National Bank Act). The fact that a bank does business with people in Hawaii does not mean that it is "located" in Hawaii. *Marquette*, 439 U.S. at 312-13. There is no evidence that Axos's organizational certificate identifies Hawaii as its location or that

---

[2] A "federal savings bank" is a type of "federal savings association," 12 U.S.C. § 1464(a)(1), and therefore is an "association" covered by § 85. *See also* 12 U.S.C.§ 37 ("The provisions of chapters 2, 3, and 4 of title 62 of the Revised Statutes [title 12 of the U.S. Code], which are expressed without restrictive words, as applying to "national banking associations," or to "associations," apply to all associations organized to carry on the business of banking under any Act of Congress.").

Axos has its main office or any branch office in Hawaii. Therefore, Hawaii usury law does not apply.

The Agreement is not unconscionable. Under Hawaii law, the unconscionability doctrine has two facets. "Procedural unconscionability, or unfair surprise, focuses on the process by which the allegedly offensive terms found their way into the agreement. Substantive unconscionability, in contrast, focuses on the content of the agreement and whether the terms are one-sided, oppressive, or unjustly disproportionate." *Narayan v. The Ritz-Carlton Dev. Co.,* 140 Haw. 343, 351 (2017). The Agreement is arguably one-sided because the interest rate is high, but there was no unfair surprise. This is a business loan, and the Agreement stated on its face that it was expensive: "[the] business loan represented by this Loan Agreement is a higher cost loan than business loans which may be available through other sources. Before signing this Loan Agreement, Borrower should fully consider all costs and fees associated with this business loan." This text was in boldface type and located on the top half of the front page of the agreement. There are no claims that Axos pressured Ms. Pigao to enter into

the transaction.

Axos and WBL did not violate Hawaii's licensing laws. Ms. Pigao argues that Axos is a "mortgage loan originator" that must have a license from the Hawaii regulatory authority to engage in business. Haw. Rev. Stat. § 454F-1, -3(a), -5. She is incorrect because section 454F-1 defines a "mortgage loan originator" as a person involved in "residential mortgage loan[s]" and provides that a "residential mortgage loan" is made "primarily for personal, family, or household use." For similar reasons, WBL did not violate Hawaii's licensing laws. The Hawaii statute regulating mortgage servicing only covers persons servicing "residential mortgage loan[s]" that are made "primarily for personal, family, or household use . . . ." Haw. Rev. Stat. § 454M-1, -2, -4. In this case, however, the Agreement recites that the loan is "for business purposes only, and not for personal, consumer, family or household purposes . . ."

Accordingly, Ms. Pigao's objection to Claim Number 9 is OVERRULED.

**END OF ORDER**

U.S. Bankruptcy Court - Hawaii   #24-00591   Dkt # 71   Filed 04/03/25   Page 5 of 5